FILED

2020 Apr-20  PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JESSICA CATRETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **v.** | ) | |
| | ) | _____ |
| **HOMELAND VINYL PRODUCTS,** | ) | **JURY DEMAND** |
| **INC., and AUTOMATION** | ) | |
| **PERSONNEL SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

## I.   INTRODUCTION

1.      This is an action alleging disability discrimination in violation of
Titles I and IV of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111
et seq. Plaintiff alleges that Defendants discriminated against her based on her
disability be terminating her employment.  Plaintiff is a qualified individual with a
disability; she has a history of disability, and/or is perceived/regarded as disabled.
She has been denied equal opportunities, benefits and services in her employment due
to her status as a person with a disability.  Plaintiff is entitled to both equitable relief
and damages.

## II.   JURISDICTION AND VENUE

2.     This Court has jurisdiction in accordance with 28 U.S.C. § 1331, 28 U.S.C. § 2201, 2202, and 42 U.S.C. § 12117.

3.     A substantial part of the unlawful employment practices challenged in this action occurred in Jefferson County, Alabama.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.     Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 12117.  Plaintiff timely filed her Charge of Discrimination within 180 days of the occurrence of the last discriminatory act.  Plaintiff also timely filed this Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the E.E.O.C.

## III.   PARTIES

5.     Plaintiff, Jessica Catrett ("Plaintiff"), is a female citizen of the United States, and is currently a resident of Calera, Alabama.  Plaintiff suffers from a herniated disc condition which rendered her disabled with extreme pain, temporary paralysis, difficulty walking, and the need for immediate medical care.

6.     Plaintiff is a person with a disability in that she has a physical condition which substantially limits one or more of her major life activities and/or is regarded as having a disability which substantially limits her ability to work and/or has a

2

history of having such disability.

7.     Defendant, Homeland Vinyl Products, Inc. ("Homeland" or "Defendant") is an employer pursuant to  42 U.S.C. § 12111(5). The Defendant is an Alabama corporation that, at all times relevant to this suit, has operated a facility in Jefferson County, Alabama.

8.     Defendant, Automation Personnel Services, Inc. ("Automation" or "Defendant") is an employer pursuant to  42 U.S.C. § 12111(5). The Defendant is an Alabama corporation that, at all times relevant to this suit, has operated a facility in Jefferson County, Alabama.

9.     At all times relevant to Plaintiff's claims the Defendants acted as the Plaintiff's single employer, and/or joint employer, and/or agents of one another with respect to the Plaintiff's employment.

10.     At all times relevant to Plaintiff's claims the Defendants employed fifteen (15) or more employees.

## IV.  STATEMENT OF FACTS AND CLAIMS

11.     The Defendant has intentionally, and with malice or reckless indifference, discriminated against Plaintiff on the basis of Plaintiff's disability, history of disability and/or perceived disability, with respect to the terms, conditions and privileges of her employment.

3

12.     While employed by the Defendants the Plaintiff had a disability, was perceived as having a disability, and/or had a history of a disability as she suffered from herniated disc conditions.

13.     Plaintiff's physical condition substantially limited one or more of her major life activities in that she suffered extreme pain, temporary paralysis, difficulty walking, and the need for immediate medical care/surgery.

14.     Plaintiff applied with and interviewed for a position with Homeland Vinyl Products, Inc. ("Homeland).

15.     Homeland hired the Plaintiff and sent her to Automation Personnel Services, Inc. ("Automation") to fill out new hire paperwork and payroll information.

16.     Plaintiff began working with Homeland as a Customer Service Representative at their Pinson Valley Parkway location on April 15, 2019.

17.     Plaintiff's direct supervisor at Homeland was Lori.

18.     Plaintiff's job duties included taking and processing orders and assigning trucks for shipment. Plaintiff had prior experience with processing customer orders.

19.     On or about May 22, 2019, the Plaintiff underwent emergency surgery due to suffering from the medical condition of a herniated disc.

20.    This medical condition had rendered the Plaintiff disabled with extreme pain, temporary paralysis, difficulty walking, and the need for immediate medical care.

21.    Plaintiff's supervision at Homeland was aware of her medical condition, symptoms, and need for surgery.

22.    Plaintiff missed six (6) business days from work due to the surgery and recovery time and the accommodation of these days off were approved by Homeland and Automation.

23.    Plaintiff was released to return to work on June 3, 2019.

24.    However, on June 11, 2019, Plaintiff received a call from Automation informing her that Homeland had terminated her employment.

25.    Plaintiff  was informed that she was allegedly terminated for not catching onto the job quickly enough. However, this was untrue as Plaintiff was performing her duties well and had never been counseled, warned, or disciplined about any alleged performance problems prior to her termination.

26.    Plaintiff was qualified to perform her job duties and did so, with or without reasonable accommodation.

27.    By terminating the Plaintiff's employment, the Defendants intentionally, willfully and maliciously discriminated against Plaintiff on the basis of her disability

in complete disregard for her federally protected rights.

28.    As a result of Defendants' actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment.  Additionally, Plaintiff has suffered injury including pain, humiliation, emotional distress, mental anguish and suffering, and loss of enjoyment of life.

## V.    CAUSES OF ACTION

### COUNT I
### DISCRIMINATION IN VIOLATION OF THE
### AMERICANS WITH DISABILITIES ACT

29.    Plaintiff realleges and incorporates by reference paragraphs 1 through 28 above with the same force and effect as if fully set out in specific detail hereinbelow.

30.    As stated, Plaintiff suffers from herniated disc issues and is a person with a disability, with a history of disability, and/or is regarded as disabled.  See 42 U.S.C. § 12102.  Defendant are an employer in accordance with 42 U.S.C. § 12111(5).

31.    Despite Plaintiff's disability, with or without reasonable accommodation, she is able to perform the essential functions of a number of jobs including those of her job she held with the Defendants.  Thus, Plaintiff meets the definition of a "qualified individual with a disability," pursuant to 42 U.S.C. § 12111.

6

32.     In terminating the Plaintiff, the Defendants have maliciously, intentionally and with reckless disregard discriminated against Plaintiff due to her disability, history of a disability, and/or perceived disability and has otherwise classified, and segregated Plaintiff in a way that has adversely affected her job opportunities because of her disability, history of disability, and the perception of her as a person with a disability. See 42 U.S.C. 12112.

33.     The Defendants have intentionally, maliciously and with reckless indifference discriminated against Plaintiff because of her disability, history of disability, and/or the perception of her as a person with a disability with regard to hiring, employee compensation, benefits, and other terms and conditions of employment pursuant to 42 U.S.C. § 12112.

## VI.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.      Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants, including the actions taken against Plaintiff by Defendants in terminating Plaintiff, constitutes discrimination and are violative of Plaintiff's rights as secured by Titles I and IV of the Americans with Disabilities Act , 42 U.S.C. § 12101, et seq.

7

2.     Grant Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants, and at the Defendants' request, from continuing to violate Plaintiff's rights as well as others who are similarly-situated pursuant to Titles I and IV of the Americans with Disabilities Act.

3.     Enter an Order reinstating Plaintiff to the position she held with the Defendants, and awarding Plaintiff damages including back pay, front pay, nominal, compensatory, and punitive damages.

4.     Award Plaintiff reasonable costs, attorney's fees and expenses.

5.     Award such other relief and benefits as the cause of justice may require.


Respectfully submitted,


s/ Temple D. Trueblood
Temple D. Trueblood
Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS,
   FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500

8

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

<u>s/ Temple D. Trueblood</u>
OF COUNSEL

**The Plaintiff requests this Honorable Court to serve via certified mail upon the named defendant the following : Summons, Complaint.**

**<u>Defendants' Addresses:</u>**
Homeland Vinyl Products, Inc.
c/o Registered Agent
Steven Agee
3300 Pinson Valley Parkway
Birmingham, AL 35217

Automation Personnel Services, Inc.
c/o Registered Agent
Randy Watts
3500 Colonnade Parkway; Suite 500
Birmingham, AL 35243

<u>s/ Temple D. Trueblood</u>
OF COUNSEL